IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BARRY G. AARON,
ADC #97176                                                                                          PLAINTIFF

v.                                              4:08CV04128GTE/HLJ

BRENT HALTOM, et al.                                                                         DEFENDANTS

## MEMORANDUM AND ORDER

Plaintiff, a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC), has been granted leave to proceed in forma pauperis in this lawsuit filed pursuant to 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief. The test for determining if an action is frivolous is whether the plaintiff can make a rational argument on the facts or law in support of his claim. The term "frivolous" refers to the "inarguable legal conclusion" and the "fanciful factual allegation." Neitzke v. Williams, 490 U.S. § 319 (1989). In addition, a complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Having reviewed plaintiff's complaint, the Court finds that it must be dismissed for failure to state a claim. In order to state a claim for relief under § 1983, one must allege that a person acting under the color of state law deprived the plaintiff of some Constitutional right. Griffin-El v. MCI

Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff states in his complaint that he was convicted of rape and kidnapping in Arkansas state court in 1993, and for his relief in this action, he asks the Court to compel defendants to provide physical evidence from 1993 for DNA testing. However, this Court does not have jurisdiction to order such, and plaintiff's allegations do not state a constitutional claim for relief. Therefore, the Court finds that plaintiff's complaint should be dismissed for failure to state a claim.[1] Accordingly,

IT IS, THEREFORE, ORDERED that pursuant to 28 U.S.C. §1915A(b)(1), plaintiff's complaint against defendants is DISMISSED for failure to state a claim.

The Court hereby certifies, pursuant to 28 U.S.C. §1915 (a)(3) that an in forma pauperis appeal taken from this Memorandum and Order and accompanying Judgment dismissing this action is considered frivolous and not in good faith.

An appropriate Judgment shall accompany this Memorandum and Order

IT IS SO ORDERED this 14th day of November, 2008.

_____
United States District Judge

---

[1] The Court also notes that plaintiff's allegations against defendant Haltom, the prosecuting attorney, fail to support a claim for relief under Section 1983 because "prosecutors are entitled to absolute immunity for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process." Patterson v. Von Riesen, 999 F.2d 1235, 1237 (8th Cir. 1993).